UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | |
|---|---|
| TROY JAMES POWELL, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 10-12-HRW |
| ) | |
| vs. ) | |
| ) | |
| J.C. HOLLAND, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Troy James Powell is a prisoner incarcerated at the Federal Correctional Institution in Ashland, Kentucky. Powell has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 2] and paid the $5 filing fee. [R. 6] Having reviewed the petition[1], the Court will deny relief because the claims that Powell wishes to assert may not be pursued in a habeas corpus petition under Section 2241.

**I.   Factual Background**

In his petition, Powell indicates that in 2002 he was convicted of possession with intent to distribute less than 50 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. He was subsequently sentenced to a 240-month term of incarceration. *United States v. Powell*, 01-CR-05-07

---

[1] The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or otherwise it may make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

(W.D.N.C. 2001). In his petition, Powell alleges that law enforcement officers involved in the investigation which ultimately led to his arrest and conviction testified to the grand jury and at trial that, while acting undercover, they made several purchases of cocaine at Powell's residence and made audio recordings of those purchases. Through recent requests under the Freedom of Information Act to the Conover Police Department, Powell indicates that the police department has advised him that it has recorded new material over those audiotapes, destroying the original evidence in the process. Powell contends that testimony given by police officers during his trial was false and was fabricated by the officers for the purpose of procuring a conviction. Powell specifically alleges that one officer lied during trial when he testified that Powell confessed to selling drugs over a ten-year period for his brother.

## II.     Discussion

Ordinarily, a federal prisoner must challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A federal prisoner may file a habeas corpus petition under Section 2241 only to challenge a decision by prison officials which affect the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a Section 2241 petition, where his or her remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance where a prisoner may take advantage of this provision is where, after his or her conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin v.*

*Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 2004 WL 1447645, *2 (6th Cir. 2004) (unpublished disposition). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or did assert his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

Powell's claims, which challenge the sufficiency and veracity of the evidence used to convict him at trial, do not fall within this narrow exception. His allegations relate to matters which could have been and should have been asserted during his criminal trial and direct appeal. Because these claims, even if meritorious, did not convict him of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction, they are not cognizable in a habeas corpus proceeding under Section 2241. *Bousley v. United States*, 523 U.S. 614, 620 (1998). His petition will be denied.

Accordingly, it is **ORDERED** that:

1. Powell's petition for a writ of habeas corpus [R. 2] is **DENIED.**

2. The Court will enter an appropriate Judgment, and this matter will be stricken from the active docket.

This **May 12, 2010.**



Signed By:
Henry R Wilhoit Jr.
United States District Judge